UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DERRICK D. GILLIAM,<br><br>      Plaintiff,<br><br>  v.<br><br>STEPHEN E. CAVALLARO, *et al.*,<br><br>      Defendants. | Case No. 21–cv–16844–ESK–AMD<br><br>OPINION |

**KIEL, U.S.D.J.**

    **THIS MATTER** is before the Court on plaintiff Derrick D. Gilliam's first motion to supplement the second amended complaint (First Motion) (ECF No. 53); plaintiff's second motion to supplement the second amended complaint (Second Motion) (ECF No. 59); defendants Stephen E. Cavallaro, Raymond D. Giordano, Jack Manning, and Nicholas J. Russo's motion to stay or dismiss the second amended complaint, (Motion to Stay) (ECF No. 61); and plaintiff's two motions for fees (Motions for Fees) (ECF Nos. 55, 66). For the following reasons, I will grant the First Motion and dismiss with prejudice proposed-defendants Bryant Flowers and Katherine Constantine-Blinn from the proceedings pursuant to 28 U.S.C. §§1915A(b)(1)–(2). I will deny plaintiff's Second Motion and his Motions for Fees. I will grant defendants' Motion to Stay and administratively terminate this matter pending the conclusion of plaintiff's criminal proceedings.

    **I.    FACTS AND PROCEDURAL HISTORY**

    Plaintiff's original complaint was filed on September 13, 2021. (ECF No. 1.) On September 29, 2021, plaintiff submitted an amended complaint and asked the Court to treat it as the operative complaint (ECF No. 2.) District Judge Hillman administratively terminated the amended complaint because

plaintiff had not paid the filing fee or submitted an *in forma pauperis* application. (ECF No. 4.) Plaintiff paid the filing fee, and this matter was reopened. Plaintiff subsequently filed a motion to amend, attaching a proposed second amended complaint. (ECF No. 9.)

The second amended complaint raised several claims stemming from an April 12, 2013 accident wherein plaintiff struck and killed a pedestrian with his car while allegedly under the influence of alcohol. (*Id.* p. 5.) Plaintiff pleaded guilty to reckless vehicular homicide. The New Jersey Superior Court, Appellate Division (Appellate Division) vacated his plea and remanded for trial after finding that a warrantless draw of plaintiff's blood was an unreasonable search of his person. *State v. Gilliam*, 2021 WL 79181, at *5–8 (N.J. Super. Ct. 2021) (*per curiam*.)[1] Among other claims, the second amended complaint alleged that defendants maliciously prosecuted plaintiff by filing charges against him without probable cause. (ECF No. 16 p. 16.) Judge Hillman screened the second amended complaint pursuant to 28 U.S.C. § 1915A and dismissed plaintiff's malicious prosecution claims without prejudice because plaintiff had not alleged that his criminal case "was 'disposed of in a way that indicates the innocence of the accused.'" (ECF No. 14 p. 19 (quoting *Allen v. N.J. State Police*, 974 F.3d 497, 502 (3d Cir. 2020)).) Plaintiff filed an appeal to the Third Circuit. (ECF No. 17.)

While plaintiff's appeal was pending in the Third Circuit, the Supreme Court issued its decision in *Thompson v. Clark*, 596 U.S. 36 (2022). *Thompson* held that a plaintiff alleging malicious prosecution only needs to plead that his prosecution ended without a conviction and is not required to demonstrate that the prosecution ended with some affirmative indication of his innocence. (*Id.*) The Third Circuit remanded the matter for consideration of plaintiff's malicious

---

[1] Plaintiff was reindicted in Superior Court on December 23, 2021, Superseding Indictment 21–12–889–S1 (Superseding Indictment). (ECF No. 61–3 p. 48.)

2

prosecution claim in light of *Thompson*. (ECF No. 21); *Gilliam v. Cavallaro*, No. 22–01458, 2023 WL 2182371 (3d Cir. Feb. 23, 2023). Judge Hillman reopened the matter and directed the second amended complaint to be served. (ECF No. 25.) Defendants filed a motion to stay or, in the alternative, to dismiss the second amended complaint. (ECF No. 34.)

On May 19, 2023, plaintiff filed another civil complaint, *Gilliam v. Flowers*, No. 23–02748 (Second Complaint). Judge Hillman reviewed the complaint and concluded that it raised claims akin to the claims raised in this matter. (ECF No. 52.) He ordered plaintiff to decide whether he wanted to proceed with the complaints separately or consolidate the two complaints. (*Id.* p. 2.) Plaintiff chose to consolidate the complaints, so Judge Hillman directed the Second Complaint from Civil Action No. 23–02748 to be filed as a motion to amend or supplement the second amended complaint in this case. (*Id.* pp. 3, 4; *see also* ECF No. 53.) Judge Hillman directed defendants to inform him whether they wanted to withdraw their motion and refile to address the claims made in the proposed supplemental complaint. Defendants chose to withdraw the pending motion to file an amended motion to dismiss or stay. (ECF No. 54.)

Defendants filed their updated motion to dismiss the second amended complaint or, in the alternative, to stay this matter while plaintiff's criminal case proceeded in the state courts. (ECF No. 61.) Plaintiff requested fees associated with responding to defendants' previous motion to stay the proceedings. (ECF Nos. 55, 66.)

## II.  LEGAL STANDARDS

### A.  Motion to Supplement

"Upon motion and reasonable notice, [Federal Rule of Civil Procedure (Rule)] 15(d) allows a court to grant a party the ability to 'serve a supplemental pleading setting out any transaction, occurrence, or event that happened after

3

the date of the pleading to be supplemented.'" *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15(d)). "The decision of whether to permit a plaintiff to file an amended or supplemental complaint under Rule 15 is within a District Court's discretion and is guided by Rule 15's liberal standards." *Id.* at 89 (citing Fed. R. Civ. P. 15(a)(2)).

### B. <u>Motion to Dismiss</u>

When considering a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted.) "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

### C. Motion to Stay

A District Court possesses broad discretion to stay a civil proceeding. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in certain circumstances." *Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F.Supp.2d 523, 526 (D.N.J. 1998). In determining whether to grant such a stay, courts consider the following factors:

> (1) the extent to which the issues in the criminal and civil cases overlap;(2) the status of the case, including whether the defendants have been indicted;
>
> (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff cause by a delay;
>
> (4) the private interest of and burden on the defendants;
>
> (5) the interests of the court; and
>
> (6) the public interest.

(Id. at 527 (citing Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)).

### III. DISCUSSION

#### A. Motions to Supplement

I will address plaintiff's motions to supplement the second amended complaint before considering defendants' motion to dismiss or stay the second amended complaint. The First Motion seeks to add claims against proposed-defendants Gloucester County Assistant Prosecutor Bryant Flowers and Assistant Deputy Public Defender Katherine Constantine-Blinn, and Gloucester County. (ECF No. 53 pp. 4–6.) Plaintiff also seeks to add to his claims against defendants for malicious prosecution, intentional infliction of emotional distress, unlawful detention, false arrest, retaliation, and conspiracy to violate plaintiff's First and Fourteenth Amendment rights. (*Id.* pp. 5, 6.)

5

Plaintiff alleges in the First Motion that the defendants pursued the Superseding Indictment to retaliate against him for succeeding in the Appellate Division and for filing this lawsuit. (*Id.* pp. 7, 8.) Plaintiff's Second Motion seeks to add that Constantine-Blinn resigned her position as a public defender. (ECF No. 59.) Defendants do not oppose the motions and treat the second amended complaint and supplements as the operative pleadings. (ECF No. 61–1 p. 6.) After considering the Rule 15 standards for amending complaints and 28 U.S.C. §1915A's requirement that courts screen complaints filed by prisoners against government employees or entities, I will grant the First Motion but dismiss the claims against proposed-defendants Flowers and Constantine-Blinn. I will deny the Second Motion.

The claims against Flowers must be dismissed with prejudice as Flowers has absolute prosecutorial immunity. Plaintiff alleges Flowers sought the Superseding Indictment "out of retaliation, knowing that plaintiff filed a lawsuit after his rights violation … ." (ECF No. 53 ¶17.) Prosecutors are absolutely immune from suits for damages arising from conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "The decision to initiate a prosecution is at the core of a prosecutor's judicial role." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (citing *Imbler*, 424 U.S. at 430–31). "That is so even if, as [plaintiff] alleges, those actions were retaliatory, malicious, and unsupported by probable cause." *Jacobs v. City of Philadelphia*, No. 21–02314, 2022 WL 1772989, at \*2 (3d Cir. June 1, 2022) (*per curiam*). Prosecutorial immunity extends to "claims arising from [prosecutors'] conduct ... in grand jury proceedings and probable cause hearings, presenting a state's case at trial, and appearing before a judge to present evidence." *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020) (internal quotation marks and citations omitted).

Therefore, I will dismiss the claims against Flowers with prejudice based on absolute prosecutorial immunity. 28 U.S.C. §1915A(b)(2).

I will also dismiss plaintiff's claims against Constantine-Blinn for failure to state a claim. 28 U.S.C. §1915A(b)(1). To state a claim for relief under §1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Defense attorneys, whether employed as public defenders or privately retained, are "not state actors under §1983 when they 'perform[ ] a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.'" *Rambert v. Dist. Att'y Philadelphia*, No. 20–01593, 2022 WL 205416, at *1 (3d Cir. Jan. 24, 2022) (*per curiam*) (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)) (alteration in original). "A public defender may be held liable for 'intentional misconduct' that comes under the color of state law 'by virtue of alleged conspiratorial action with state officials that deprives' the defender's client of his federal rights." *Elliott v. Gehret*, No. 20–06331, 2022 WL 245195, at *8 (E.D. Pa. Jan. 25, 2022) (quoting Tower v. Glover, 467 U.S. 914, 923 (1984)). "However, an individual who is alleged to have been so aggrieved must do more than assert a bare allegation of conspiracy among his attorney and state officials." (*Id.*)

Plaintiff alleges Constantine-Blinn conspired with Flowers and misled "plaintiff to believe he had been indicated with a 'superseding' indictment." (ECF No. 53 ¶11.) He alleges Constantine-Blinn convinced him not to invoke the Interstate Agreement on Detainers Act, which caused his criminal proceedings to be delayed. 18 U.S.C. app. 2 §2. He also asserts that Constantine-Blinn "knew that the second indictment was not a superseding indictment [b]ut continue[d] to tell plaintiff that it is to instill fear in him and try to convince plaintiff to plead guilty." (*Id.* ¶22.) Plaintiff alleges in his

7

second request to supplement that Constantine-Blinn resigned her position as a public defender. (ECF No. 59.)

All of the allegations against Constantine-Blinn stem from her representation of plaintiff related to the criminal charges against him, and there are no plausible factual allegations of conspiracy. Therefore, I will dismiss the claims against Constantine-Blinn for failure to state a claim. 28 U.S.C. § 1915A(b)(1). I will deny the Second Motion because all claims against Constantine-Blinn are being dismissed, making additional facts about her resignation irrelevant.

### B.   Motion to Stay or Dismiss

I now turns to defendants' Motion to Stay. I find that the *Walsh* factors and interests of justice support staying these proceedings while plaintiff's criminal proceedings are ongoing.

#### 1.   The Extent to Which the Issues Overlap

Plaintiff objects to staying the civil proceedings, arguing that there is no relationship between the criminal proceedings and the civil proceedings. (ECF No. 40 p. 8.) He argues that his criminal charges are "not the subject of the [p]laintiff's present claims before this Court." (*Id.*) Plaintiff alleges in the second amended complaint that defendants initiated the original charges against him for improper purposes, specifically racial bias. (ECF 16 pp. 16, 17.) His supplement alleges that defendants filed the Superseding Indictment against him as retaliation for filing this lawsuit and succeeding before the Appellate Division. (ECF No. 53 pp. 7, 8.) He alleges that there is no evidence to support his arrest or prosecution. These claims are inexorably intertwined with the criminal charges pending against plaintiff for his actions on April 12, 2013 because the "allegedly wrongful conduct was done in connection with arresting plaintiff for the crime for which he is awaiting trial." *Warner v.*

*Kozub*, No. 05–02871, 2007 WL 162766, at *2 (D.N.J. Jan. 18, 2007). Therefore, the issues in plaintiff's criminal trial and these proceedings have substantial overlap.

### 2. The Status of the Case

Plaintiff has been indicted by the State of New Jersey. "Criminal proceedings are not a mere potentiality, but are pending and ongoing. The potential for disruption is at a maximum." *Richardson v. New Jersey*, No. 16–00135, 2016 WL 5858983, at *2 (D.N.J. Oct. 5, 2016).

### 3. The Balance Between Plaintiff's Interest In Proceeding and the Prejudice From Delay

Plaintiff argues the civil proceedings should not be stayed because defendants "have already destroyed evidence" and "plaintiff has absolutely no confidence [defendants] will retain essential and critical evidence and preserve them for litigation." (ECF No. 40 p.11.) He also argues that staying the civil complaint will result in a "loss of his continued liberty." (*Id.*)

Plaintiff certainly has an interest in a prompt resolution of his lawsuit, but I am not convinced that he will be significantly prejudiced if this matter is stayed while his criminal action continues. The evidence in the civil case will likely be very similar to the evidence in his criminal trial, *i.e.*, police reports, witness statements, and the testimony of the arresting officers. Plaintiff can cross-examine any testifying officers at his criminal trial, which would help guard against any prejudice from fading memories. He does not identify what "essential and critical evidence" is at risk of being lost if the civil proceedings do not continue at this time. Therefore, this factor supports staying this matter.

9

### 4. Defendants' Interests and Burden

In contrast to there being a lack of prejudice to plaintiff if this case is not stayed, defendants are at a disadvantage if the civil proceedings continue before the criminal charges are resolved. Some evidence may not be available while the criminal trial is ongoing. *See Richardson*, 2016 WL 5858983, at *2 ("Both parties should have the fullest access to evidence, and that evidence will be developed (and turned over in discovery) in the state proceeding."). Plaintiff indicates he has no intention of testifying at his criminal trial, (ECF No. 40 p. 10), but he would still be permitted to invoke the Fifth Amendment during a deposition in this matter if the criminal trial has not concluded. Although defendants could seek an adverse inference if plaintiff invoked the Fifth Amendment, they "cannot properly defend against this action without understanding [p]laintiff's version of the events." *Warner v. Kozub*, No. 05–02871, 2007 WL 162766, at *2 (D.N.J. Jan. 18, 2007). A stay would allow plaintiff to avoid choosing between waiving his Fifth Amendment privilege and an adverse inference. Defendants would also be able to properly conduct discovery once the criminal proceedings have concluded.

### 5. The Interests of the Court and the Public

The final two factors also support a stay of the civil complaint. It would not be a wise use of limited judicial resources to continue proceedings while the state courts are considering the same or similar issues. *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (noting courts should "avoid[] parallel litigation over the issues of probable cause and guilt" (internal quotation marks omitted)). Additionally, staying the action would reduce the risk of creating "two conflicting resolutions arising out of the same or identical transaction." (*Id.*) "[T]he Court and the public both have interests in full and fair adjudication of civil and criminal matters." *Warner*, 2007 WL 162766, at *2.

Staying this matter will allow the criminal trial to proceed without undue pressure from a simultaneous federal civil proceedings and avoid encroaching on New Jersey's ability to enforce its criminal law. *Shinn v. Ramirez*, 596 U.S. 366, 376 (2022) ("The power to convict and punish criminals lies at the heart of the States' residuary and inviolable sovereignty." (internal quotation marks omitted)).

Plaintiff argues there would not be a risk of duplicate proceedings because the Second Amended Complaint "is based wholly upon the facts and circumstances of the first indictment … ." (ECF No. 40 p. 13.) This is not the case; the supplement alleges defendants pursued the Superseding Indictment out of retaliation. (ECF No. 53 pp. 4–6.) The malicious prosecution claims in the supplement have not yet accrued because plaintiff cannot allege that the prosecution of the Superseding Indictment ended without a conviction. *See Thompson v. Clark*, 596 U.S. 36, 39 (2022). Plaintiff chose to combine his claims instead of filing a new complaint, (ECF Nos. 53, 54), so he must prosecute them together. The *Walsh* factors overwhelmingly support staying the civil proceedings while the state criminal trial is ongoing.

### C. Motions for Fees

Plaintiff, in his Motions for Fees, seeks fees to compensate his efforts in replying to defendants' original motion to dismiss or stay. (ECF Nos. 55, 66.) Defendants filed opposition to the first Motion for Fees. (ECF No. 56.) I will deny the motions because *pro se* plaintiffs are not entitled to attorney's fees pursuant to Rule 54(d)(2). *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991); *Bronze Shields v. City of Newark*, 214 F. Supp. 2d 443, 453 (D.N.J. 2002).

### IV. CONCLUSION

For the reasons stated above, I will grant the First Motion, (ECF No. 53), and dismiss with prejudice Bryant Flowers and Katherine Constantine–Blinn from the proceedings pursuant to 28 U.S.C. §§ 1915A(b)(1)–(2). I will deny the

Second Motion and Motions for Fees. (ECF Nos. 55, 59, 66.) I will grant defendants' Motion to Stay. (ECF No. 61.) The proceedings will be stayed pending plaintiff's criminal trial. The matter shall be administratively terminated on the docket and may be reinstated by written notice to the Court from either party that a judgment in the criminal action has been entered and that the party wishes to proceed with this litigation. An appropriate Order accompanies this Opinion.

                                                                                                           */s/ Edward S. Kiel*
                                                                                                           **EDWARD S. KIEL**
                                                                                                           **UNITED STATES DISTRICT JUDGE**

Dated: April 22, 2024