# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DERRICK D. GILLIAM,**<br><br>    Plaintiff,<br><br>    v.<br><br>**STEPHEN E. CAVALLARO,** *et al.***,**<br><br>    Defendants. | Case No. 21–cv–16844–ESK–AMD<br><br><br>OPINION |

**KIEL, U.S.D.J.**

  **THIS MATTER** is before the Court on plaintiff Derrick D. Gilliam's motion for reconsideration of the Court's order staying the proceedings while his criminal trial is ongoing (Motion). (ECF No. 74). Defendants Stephen E. Cavallaro, Raymond D. Giordano, Jack Manning, and Nicholas J. Russo oppose the Motion. (ECF No. 75.) For the following reasons, I will deny the Motion.

  **I. FACTS AND PROCEDURAL HISTORY**

  Plaintiff's original complaint was filed on September 13, 2021. (ECF No. 1.) On September 29, 2021, plaintiff submitted an amended complaint and asked the Court to treat it as the operative complaint (ECF No. 2.) District Judge Hillman administratively terminated the amended complaint because plaintiff had not paid the filing fee or submitted an *in forma pauperis* application. (ECF No. 4.) Plaintiff paid the filing fee, and this matter was reopened. Plaintiff subsequently filed a motion to amend, attaching a proposed second amended complaint. (ECF No. 9.)

  The second amended complaint raised several claims stemming from an April 12, 2013 accident wherein plaintiff struck and killed a pedestrian with his

car while allegedly under the influence of alcohol. (*Id.* p. 5.)[1] Plaintiff pleaded guilty to reckless vehicular homicide. The New Jersey Superior Court, Appellate Division (Appellate Division) vacated his plea and remanded for trial after finding that a warrantless draw of plaintiff's blood was an unreasonable search of his person. *State v. Gilliam*, 2021 WL 79181, at *5–8 (N.J. Super. Ct. App. Div. 2021) (*per curiam*.)[2] Among other claims, the second amended complaint alleged that defendants maliciously prosecuted plaintiff by filing charges against him without probable cause. (ECF No. 16 p. 16.) Judge Hillman screened the second amended complaint pursuant to 28 U.S.C. § 1915A and dismissed plaintiff's malicious prosecution claims without prejudice because plaintiff had not alleged that his criminal case "was 'disposed of in a way that indicates the innocence of the accused.'" (ECF No. 14 p. 19 (quoting *Allen v. N.J. State Police*, 974 F.3d 497, 502 (3d Cir. 2020)).) Plaintiff filed an appeal to the Third Circuit. (ECF No. 17.)

While plaintiff's appeal was pending in the Third Circuit, the Supreme Court issued its decision in *Thompson v. Clark*, 596 U.S. 36 (2022). *Thompson* held that a plaintiff alleging malicious prosecution only needs to plead that his prosecution ended without a conviction and is not required to demonstrate that the prosecution ended with some affirmative indication of his innocence. (*Id.*) The Third Circuit remanded the matter for consideration of plaintiff's malicious prosecution claim in light of *Thompson*. (ECF No. 21); *Gilliam v. Cavallaro*,

---

[1] The Motion objects to the Court's framing of the incident as it did not state that plaintiff "allegedly" struck the pedestrian. (ECF No. 74 p. 3.) The second amended complaint states: "On April 12, 2013 at about 12:20 a.m. [p]laintiff was driving a vehicle, struck a pedestrian as he crossed the street. Eventually the victim died from his injuries." (ECF No. 16 ¶ 11.) The Court's recitation of events is consistent with plaintiff's pleading.

[2] Plaintiff was reindicted in Superior Court on December 23, 2021, Superseding Indictment 21–12–889–S1 (Superseding Indictment). (ECF No. 61–3 p. 48.)

No. 22–01458, 2023 WL 2182371 (3d Cir. Feb. 23, 2023). Judge Hillman reopened the matter and directed the second amended complaint to be served. (ECF No. 25.) Defendants filed a motion to stay or, in the alternative, to dismiss the second amended complaint. (ECF No. 34.)

On May 19, 2023, plaintiff filed another civil complaint, *Gilliam v. Flowers*, No. 23–02748 (Second Complaint). Judge Hillman reviewed the complaint and concluded that it raised claims akin to the claims raised in this matter. (ECF No. 52.) He ordered plaintiff to decide whether he wanted to proceed with the complaints separately or consolidate the two complaints. (*Id.* p. 2.) Plaintiff chose to consolidate the complaints, so Judge Hillman directed the Second Complaint from Civil Action No. 23–02748 to be filed as a motion to amend or supplement the second amended complaint in this case. (*Id.* pp. 3, 4; *see also* ECF No. 53.) Judge Hillman directed defendants to inform him whether they wanted to withdraw their motion and refile to address the claims made in the proposed supplemental complaint. Defendants chose to withdraw the pending motion to file an amended motion to dismiss or stay. (ECF No. 54.)

On April 30, 2024, I granted defendants' motion to stay the second amended complaint while plaintiff's criminal case proceeded in the state courts. (ECF No. 73.) Plaintiff now moves for reconsideration of that order. (ECF No. 74.) Defendants oppose the motion. (ECF No. 75.)

## II. LEGAL STANDARDS

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council*, 964 F.3d 218, 230 (3d Cir. 2020) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence

that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). Mere disagreement with the Court's decision is not a basis for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

### III. DISCUSSION

Plaintiff argues the Motion should be granted because the Court overlooked the fact that the Appellate Division "ruled that there was no probable cause supporting the State's blood-draw" and that "the state presented a totally new indictment, to a totally different grand jury, and derived a totally new indictment number, on different facts (absence of probable cause), only after the [p]laintiff filed suit against the named defendants in this case." (ECF No. 74 p. 8.) He also argues the Court erred in weighing the factors set forth in *Walsh Secs., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) when deciding the motion to stay. (ECF No. 74 p. 4.)

The Court did not overlook facts that would warrant reconsideration. The Appellate Division vacated plaintiff's guilty plea because of a Fourth Amendment violation, not because there was insufficient evidence to sustain a conviction. *Gilliam*, 2021 WL 79181, at *8. Plaintiff's dispute regarding the circumstances of the accident underscores the necessity of having the state court consider the issue first. The Superseding Indictment is not totally disconnected from the original indictment, and "there is no prohibition against a prosecutor seeking a superseding indictment before trial …." *State v. Zembreski*, 445 N.J. Super. 412, 425 (N.J. Super. Ct. App. Div. 2016). Plaintiff's disagreement with the Court's weighing of the *Walsh* factors also does not warrant reconsideration.

Nothing in the Motion supports a conclusion that the civil proceedings need to continue despite the ongoing criminal trial in order to prevent manifest injustice.  Therefore, I will deny the Motion.

## IV. CONCLUSION

For the reasons stated above, I will deny the Motion.  (ECF No. 74.)  The proceedings will remain stayed pending plaintiff's criminal trial. An appropriate Order accompanies this Opinion.

                                                                        */s/ Edward S. Kiel*
                                                                        **EDWARD S. KIEL**
                                                                        **UNITED STATES DISTRICT JUDGE**

Dated:  June 5, 2024